# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CLEVELAND and MARIANNA CLEVELAND,<br><br>Plaintiffs,<br><br>v.<br><br>WEST RIDGE ACADEMY, CHILDREN AND YOUTH SERVICES, INC., and DOES 1-10,<br><br>Defendants.<br>_____/ | Case No. 1:14-cv-00977-SKO<br><br>ORDER REMANDING CASE TO FRESNO COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 6) |

## I. INTRODUCTION

Plaintiffs Craig Cleveland and Marianna Cleveland ("Plaintiffs") filed a civil suit against Defendants West Ridge Academy, Children and Youth Services, Inc., and Does 1-10 ("Defendants") on March 12, 2014, in Fresno County Superior Court. (Doc. 1, Notice of Removal, Ex. A.) On June 19, 2014, Defendants filed a Notice of Removal to this Court based on diversity jurisdiction. 28 U.S.C. § 1332. (Doc. 1.)

Plaintiffs filed a Motion to Remand on July 16, 2014, and Defendants filed an Opposition on August 18, 2014. (Docs. 6, 14.) The Court has reviewed the Motion, Opposition, and supporting documents, and determined that this matter is suitable for decision without oral argument pursuant to the Local Rules of the United States District Court, Eastern District of

California, Rule 230(g).  For the reasons set forth below, this action is REMANDED to Fresno County Superior Court.

## II. BACKGROUND

In 2011 and 2012, Plaintiffs sent their minor daughter to Defendant West Ridge Academy, a resident care facility licensed by the State of Utah as a youth treatment and residential services program for counseling, mental health therapy, and remedial training of youth.  Defendant West Ridge Academy is owned and operated by Defendant Children and Youth Services, Inc.  Plaintiffs allege that Defendant West Ridge's agents behaved inappropriately toward their daughter, causing her to be set back emotionally and mentally; and that Defendants are vicariously liable for their agents' behavior, as the behavior fell within the scope of their agents' employment.  Plaintiffs further allege that Defendants failed to adequately provide the mandatory "aftercare" component of the treatment program, for which Plaintiffs were required to pre-pay, and without which Defendants asserted the treatment program would be wasted.

Plaintiffs brought suit against Defendants on March 12, 2014, in Fresno County Superior Court, asserting California state law claims for breach of contract, general negligence, bad faith breach of contract, negligence per se, professional negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, false promise, breach of fiduciary duty, economic interference, and violation of deceptive practice law.  Plaintiffs seek money damages plus interest, attorneys' fees, punitive damages, costs of suit, and other relief as the court deems fair, just, and equitable.  The Complaint alleges that the amount in controversy exceeds $25,000, according to proof, but does not state the specific amount in controversy.

On April 30, 2014, Defendants filed a Motion to Quash Summons based on forum selection, or in the alternative, a Motion to Stay or Dismiss the Action for Forum Non-Conveniens.  The Superior Court denied Defendants' motion on June 10, 2014, and Defendants thereafter removed the matter to this Court on June 19, 2014, based on federal diversity jurisdiction. 28 U.S.C. § 1332. Defendants subsequently filed an Answer to Plaintiffs' Complaint on June 26, 2014, denying each of Plaintiffs' eleven claims and setting forth fifteen affirmative defenses.

On July 16, 2014, Plaintiffs filed the Motion to Remand currently pending before the Court. Plaintiffs seek remand on the ground that Defendants' Notice of Removal was untimely because it was not filed within thirty days of formal service of the Summons and Complaint. 28 U.S.C. 1446(b). (Doc. 6.)

### III. DISCUSSION

**A. Legal Standard Governing Removal Jurisdiction**

When a case is filed in state court, removal is proper if there is a federal question or where, at issue here, there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). It is presumed, however, "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alterations in original).

A motion to remand is the proper procedure for challenging removal, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007), and "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)," 28 U.S.C. § 1447(c). Where doubt regarding the right to removal exists, a case should be remanded to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part on other grounds*, *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 n.6 (9th Cir. 2001).

Plaintiffs move to remand on the basis that Defendants failed to timely remove the case. 28 U.S.C. § 1446(b). A defendant must file a notice of removal within thirty days of receiving a copy of the complaint, or if the matter is not removable based on the contents of the complaint, within thirty days of receiving another pleading or "other paper" from which removability is

apparent.  28 U.S.C. § 1446(b).  Thus, Section 1446(b) provides two potential thirty-day windows during which removal is proper.

The first thirty-day window is triggered by a defendant's receipt of an "initial pleading" that reveals a basis for removal.  28 U.S.C. § 1446(b)(1).  This first thirty-day period for removal only applies if the case stated by the initial pleading is removable on its face, and removability is determined by the contents of the four corners of applicable pleadings, not through subjective knowledge or a "duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

If no ground for removal is evident in the initial pleading, the second thirty-day window to remove an action commences when the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.  28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 694.

In any event, removal based on diversity jurisdiction must commence within one year after the case is filed.  28 U.S.C. § 1446(c)(1).

**B. Timeliness of Removal Notice**

**1. Summary of Parties' Positions**

Plaintiffs seek to remand this case because the Notice of Removal was not filed within thirty days after Defendants were formally served with the Summons and Complaint.  (Doc. 6, Motion to Remand, p. 2, lns. 6-9.)  Plaintiffs argue that Defendants filed their Motion to Quash or Stay in Superior Court on April 30, 2014, thereby confirming formal service of the Summons and Complaint occurred prior to that date.[1]  (*Id.*, p. 3, lns. 7-11.)  As a result, the Notice of Removal had to have been filed by May 30, 2014, at the latest.  Although Plaintiffs concede that the Complaint did not specifically plead a matter in controversy exceeding $75,000.00, they argue that Defendants' inclusion of their settlement demand letter for $340,000.00 with the Notice of Removal evidences Defendants' knowledge on or before April 30, 2014, of a sufficient amount in controversy to invoke federal diversity jurisdiction.  (*Id.*, p. 3, lns. 11-14.)

---

[1] The date of formal service is not in the record.

Defendants respond that the Complaint did not allege an amount in controversy exceeding $75,000.00, and Plaintiffs' settlement demand letter dated May 3, 2013, does not cure that deficiency because it was sent prior to the filing of the Complaint. (Doc. 14, Opp., p. 4, lns. 11-16 & p. 5, lns. 18-24.)  Defendants argue that given the requisite amount in controversy was not evident from the face of the Complaint, the first thirty-day period for removal did not begin when the Complaint was served; and that the pre-complaint settlement demand letter does not qualify as an "other paper" triggering the second thirty-day removal period.  (*Id.*, p. 5, lns. 3-17.) Alternatively, Defendants argue that because Plaintiffs failed to file a proof of service as required by California law, and in the absence of evidence of formal service, the clock for removal never started running in any event. (*Id.*, § C.)

Finally, Defendants argue that they did not submit to state court jurisdiction when they made a limited appearance to file the Motion to Quash or Stay, and they did not waive any right to assert federal jurisdiction. (*Id.*, § D.)

**2. Pre-Complaint Settlement Demand Letter and Initial Pleading**

**a. Removal within Thirty-Day Statutory Removal Period**

Plaintiffs argue that their settlement demand letter, which Defendants attached to the Notice of Removal, gave Defendants all the information they needed to ascertain removability. 28 U.S.C. § 1446(c)(3); *Carvalho v. Equifax Inf. Serv. LLC*, 629 F.3d 876, 885 (9th Cir. 2010).

However, with respect to the first thirty-day removal period, Plaintiffs' Complaint states only that the amount in controversy exceeds $25,000.00, and because it lacked any indication of the amount in controversy, it did not trigger the removal period. 28 U.S.C. § 1446(b)(1); *see Carvalho*, 629 F.3d at 885 (superior court complaint indicating an amount demanded exceeding $25,000.00 did not suffice to indicate amount in controversy).

With respect to the second thirty-day removal period, Plaintiffs' settlement demand letter, dated May 3, 2013, was sent approximately ten months before Plaintiffs filed their Complaint in Superior Court, and Plaintiffs did not dispute Defendants' contention that there was no post-complaint settlement demand letter. (Doc. 1, Notice of Removal, Ex. D; Doc. 14, Opp., p. 5, lns. 11-13.)  It is axiomatic that a document received *prior* to service of an initial pleading cannot

trigger the second thirty-day removal period, which is intended to apply to documents received *after* service of the initial pleading. *Carvalho*, 629 F.3d at 885. Thus, the term "other paper" does not embrace "any document received prior to receipt of the initial pleading," including Plaintiffs' settlement demand letter from May 2013. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (citing *Carvalho*, 629 F.3d at 885-86). Irrespective of whether Plaintiffs' $340,000.00 demand was a reasonable estimate of their claims or not, it did not and could not trigger the second thirty-day period for removal because it was mailed to Defendants prior to the service of the initial pleading in this matter.[2]

Furthermore, the Ninth Circuit has rejected the argument "that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Carvalho*, 629 F.3d at 886. Rather, "the first thirty-day removal period comes into play only if removability is ascertainable from the four corners of the applicable pleading." *Id.* (citing *Harris*, 425 F.3d at 694) (internal quotation marks omitted). This "bright-line approach" was adopted "to avoid the spectre of inevitable collateral litigation over whether defendant had subjective knowledge or whether defendant conducted sufficient inquiry." *Id.* (citing *Harris*, 425 F.3d at 6974) (internal quotation marks omitted). *Id.* Thus, Plaintiffs' pre-complaint demand letter may not be paired with Plaintiffs' initial Complaint to trigger the thirty-day removal period. *Id.*

Accordingly, the Court finds that neither the first thirty-day removal period nor the second thirty-day removal period was triggered, and Plaintiffs' motion to remand for failure to remove within thirty days of formal service of the Summons and Complaint is denied. 28 U.S.C. §

---

[2] Defendants represent that no discovery was conducted in state court, there were no filed documents specifying the amount in controversy, and there was no post-settlement demand letter from Plaintiffs. As a result, there was no "other paper" commencing the second thirty-day removal period.

In their Notice of Removal, Defendants asserted that removal was timely because it occurred within thirty days of the Superior Court's tentative ruling and the hearing on their Motion to Quash or Stay, which occurred on June 9, 2014, and June 10, 2014, respectively. (Doc. 1, Notice of Removal, § 5.) This argument was not revisited in the Opposition to Plaintiff's Motion to Remand, but the Court notes that the Superior Court's tentative ruling and the hearing do not appear to have involved any issue which might have apprised Defendants for the first time of removability and triggered the second thirty-day removal period. *See* 28 U.S.C. § 1446(b)(3) (notice of removal must be filed within thirty days of receipt of "order or other paper" from which removability may be ascertained). (Doc. 14, Opp., p. 5, lns. 10-17.)

6

1446(b).  This does not end the inquiry, however, because Defendants nonetheless relied on the pre-complaint demand letter as evidence of removability.

### b. Removal Based on Demand Letter Following Investigation by Defendants

The Ninth Circuit has held that "a defendant can remove outside the two thirty-day periods on the basis of its own information, provided that it does not run afoul of either of the thirty day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).  "[A]s long as the complaint or an amended pleading, motion, order or other paper does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (per curiam) (citing *Roth*, 720 F.3d at 1125) (internal quotation marks omitted).  Thus, a defendant might, through its own investigation, discover a case is removable even though it was not required to investigate. *Roth*, 720 F.3d at 1125.

Here, Defendants removed the case in reliance on the pre-complaint demand letter and their reference to the eleven causes of action set forth by Plaintiffs in their initial pleading, which they asserted "could realistically surpass the $75,000.00, amount of possible damages, as required by 28 U.S.C. § 1332(a)."  (Doc. 1, Notice of Removal, § IV.)  A pre-complaint demand letter uncovered by defendants during the course of an internal investigation might allow for a determination of removability.  *See Roth*, 720 F.3d at 1125; *Cohn v. Petsmart*, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (per curiam).  Here, however, Plaintiffs' very general demand letter is not sufficiently specific to constitute a "reasonable estimate" of Plaintiffs' claims and the letter coupled with Defendants' mere citation to the eleven causes of action in the initial pleading do not establish removability by a preponderance of the evidence.  *See Cohn*, 281 F.3d at 840 (demand letter in trademark case where mark was asserted to be worth more than $100,000.00 sufficed as evidence of amount in controversy); *Smith v. Smith's Food & Drug Cntrs., Inc.*, No. 2:14-CV-00681-APG-NJK, 2014 WL 3734363, at *1 (D.Nev. Jul. 29, 2014) (pre-complaint demand letter supported by statements regarding medical expenses incurred, lost wages, and future surgery, and by medical records, sufficed as evidence of amount in controversy); *Ornelas v. Costco Warehouse Corp.*, No. CV 14-4759 FMO (PJWx), 2014 WL 3406435, at *2-3 (C.D.Cal. Jul. 9, 2014)

(reliance on speculative demands for emotional distress damages and unspecified punitive damages unpersuasive); *Moreno v. Ignite Restaurant Grp.*, No. C 13-05091 SI, 2014 WL 1154063, at *7 (N.D.Cal. Mar. 20, 2014) (where emotional distress and punitive damages unsupported by evidence, courts will not speculate as to damages potentially embodied in plaintiffs' vague request) (citation and quotation marks omitted); *Owens v. Westwood Coll. Inc.*, No. CV 13-4334-CAS-(FFMx), 2013 WL 4083624, at *2-4 (C.D.Cal. Aug. 12, 2013) (arbitrary settlement demand letter with no showing of how figure was calculated not sufficient).

The Court is required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c), and where doubt exists, the case should be remanded, *Matheson*, 319 F.3d at 1090. Accordingly, this case shall be remanded to Fresno County Superior Court.[3]

### IV.  CONCLUSION AND ORDER

In conclusion, Plaintiffs' indeterminate Complaint does not provide notice of removability with respect to the amount in controversy, thereby triggering the first thirty-day removal period, nor was there any "other paper" triggering the second thirty-day removal period. *Kuxhausen*, 707 F.3d at 1141; *Carvalho*, 629 F.3d at 885-86; *Harris*, 425 F.3d at 694. Furthermore, the pre-complaint settlement demand letter located by Defendants through investigation and the Complaint, paired together, do not suffice to demonstrate removability by a preponderance of the evidence. *Roth*, 720 F.3d at 1125. Therefore, this action must be remanded for lack of subject matter jurisdiction.[4]  28 U.S.C. § 1447(c); *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.3d 564, 566 (9th Cir. 1992) (per curiam).

For the reasons above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Remand on procedural grounds, filed on July 16, 2014, is DENIED;

2. This action is REMANDED to the Fresno County Superior Court for lack of subject matter jurisdiction; and

---

[3] Defendant is not precluded from obtaining information that would establish the amount in controversy by a preponderance of the evidence.
[4] In light of these findings, the Court does not reach the parties' other arguments.

3.  The Clerk of the Court is DIRECTED to serve a copy of this remand order on Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **September 16, 2014**                    **/s/ Sheila K. Oberto**
                                                                        UNITED STATES MAGISTRATE JUDGE